■ In the Matter of LEWIS B. KAYE, Petitioner, v NEW YORK CITY LOFT BOARD, Respondent, and MAX DENOVELLIS et al., Intervenors-Respondents.—CPLR article 78 proceeding, transferred to this court by order of the Supreme Court, New York County (Herman Cahn, J.), entered December 12, 1988, brought to annul a determination by respondent, dated March 3, 1988, which found that the subject premises are covered under article 7-C of the Multiple Dwelling Law, unanimously dismissed, the determination confirmed, and the petition denied, without costs or disbursements.

The application for coverage under the Loft Law alleged that the first, second and third floors of the five-story subject premises were in a residential capacity, occupied as a residence by three separate families during the April 1, 1980 through December 1, 1981 "window period" (Multiple Dwelling Law § 281 [1] [iii]). It is undisputed that the ground and

fourth floors were being used commercially. Petitioner conceded that the second and third floors were used residentially but contended that the first-floor tenant had utilized the unit commercially.

At a hearing, the ground- and second-floor tenants testified regarding the contents of the first-floor loft unit. They stated that they had frequently seen the tenant in the unit itself or the hallways, and further, that the unit was not used commercially. The Loft Board credited this testimony, as well as documentary evidence that residential utility service was provided under a prior tenant's name. Accordingly, by order dated March 3, 1988, the Loft Board granted the application for coverage. Petitioner filed for reconsideration which was denied on August 18, 1988.

Petitioner contends that the determination was not supported by substantial evidence. We disagree.

Judicial review of a determination by an administrative agency rendered after a hearing is limited to consideration of whether the determination is supported by substantial evidence upon the entire record (CPLR 7803 [4]; *Matter of Pell v Board of Educ.,* 34 NY2d 222). A reviewing court may not reevaluate the weight of the evidence or interfere with the administrative determination by choosing between conflicting inferences *(300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 180). In the case at bar, credible testimony was given by both witnesses, thus establishing the residential occupancy of the first-floor unit; this was given additional support by utility service records showing residential service, albeit under the prior tenant's name. Thus substantial evidence supported the Loft Board's determination. Concur—Murphy, P. J., Sullivan, Carro, Wallach and Rubin, JJ.