■ In the Matter of DENNIS ELLIOTT, Petitioner, v NEW YORK CITY LOFT BOARD, Respondent. [613 NYS2d 907] —Determination of the respondent New York City Loft Board dated May 7, 1992, which found petitioner not to be a residential occupant entitled to statutory protection, is unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Alice Schlesinger, J.], entered February 10, 1993) is dismissed without costs or disbursements.

The issue presented for consideration upon judicial review of a determination rendered by an administrative agency after a hearing "is limited to whether that determination is supported by substantial evidence upon the entire record" *(Matter of Purdy v Kreisberg,* 47 NY2d 354, 358). It is the role of the agency to assess credibility and weigh conflicting evidence, and this Court may not substitute its judgment, reevaluate the weight of the evidence, or choose between conflicting inferences *(Matter of Kaye v New York City Loft Bd.,* 162 AD2d 208, 209). The administrative determination that petitioner failed to establish by credible evidence that he was the residential occupant in possession of the second floor unit prior to June 21, 1982 and thus was not a protected residential occupant of the unit under the Loft Law (29 RCNY 2-09 [b] [2]) was supported by substantial evidence in the record as a whole. Infrequent occasional use does not constitute residency for the purposes of Loft Law protection *(see, Matter of Lower Manhattan Loft Tenants v New York City Loft Bd.,* 66 NY2d 298, *affg* 104 AD2d 223).

We have considered petitioner's remaining arguments and find them to be without merit. Concur—Murphy, P. J., Wallach, Kupferman and Williams, JJ.

■ MILAGROS LAYZ, Individually and as Administratrix of